IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID R. LEASE, | : |
| Plaintiff | : Civil Action No. 1:07-CV-0003 |
| v. | : (Chief Judge Kane) |
| DOUGLAS FISHEL et al., | : |
| Defendants | : |

## MEMORANDUM

Before the Court are motions for attorneys' fees by Defendants George Taughinbaugh ("Taughinbaugh") and Ron Plank ("Plank") (Doc. No. 64), and for recusal of the undersigned and Magistrate Judge Martin C. Carlson filed by Attorney Don Bailey (Doc. No. 93). Judge Carlson has issued a memorandum and order granting the motion for attorneys' fees in part and denying the motion to recuse as to himself. (Doc. Nos. 105-06.) Judge Carlson's ruling is now before this Court for review as Mr. Bailey has filed timely objections (Doc. No. 111), which Taughinbaugh and Plank have opposed (Doc. No. 115). For the reasons that follow, the Court will deny the motion to recuse the undersigned and affirm Judge Carlson's ruling on the two motions.

I.     BACKGROUND

On October 5, 2009, the Court referred Defendant Taughinbaugh and Defendant Plank's pending motion for attorneys' fees to Magistrate Judge Carlson. The request for attorneys' fees was based on this Court's finding that attorney Don Bailey had violated Rule 11(b) of the Federal Rules of Civil Procedure by bringing frivolous claims against these Defendants in the original

complaint.[1] (Doc. No. 63.) Upon receiving the Court's referral, Judge Carlson set a supplemental briefing schedule to allow Mr. Bailey to specifically dispute fees and costs claimed by Defendants. (Doc. No. 87.) Mr. Bailey sought an extension of time to submit this supplemental brief, which was granted. (Doc. Nos. 88-89.) After Mr. Bailey failed to submit any supplemental response over a month past his extended deadline, Judge Carlson issued an order directing Mr. Bailey to show cause for the delay. (Doc. No. 90.) In lieu of a response to Judge Carlson's order to show cause, Mr. Bailey filed a motion for recusal of both Judge Carlson and the undersigned. (Doc. No. 93.) In his ruling on these matters, Judge Carlson rejected Mr. Bailey's motion for recusal as to him and directed Mr. Bailey to pay $10,000 in attorneys' fees to Barley-Snyder, LLC. (Doc. Nos 105-06.) Mr. Bailey has filed an objection to Judge Carlson's order. (Doc. No. 111.) Before reviewing Judge Carlson's ruling, the Court will address the pending motion for recusal.

## II.     MOTION FOR RECUSAL[2]

The central theme of Mr. Bailey's motion for recusal is put forward in the first paragraph of the motion: he disagrees with the sanctions imposed against him and believes the Court "did not act objectively to begin with. [sic] Or at least evidence so indicates." (Doc. No. 93 ¶ 1.) Unfortunately, the so-called evidence of bias to which he refers is far from clear. Mr. Bailey's

---

[1] A more complete recitation of the pertinent factual and procedural background of this case prior to referral of the case to Judge Carlson can be found in the Court's order addressing Defendants' motions to dismiss and for sanctions. (Doc. No. 63.)

[2] Mr. Bailey never filed a brief in support of his motion for recusal. He filed the motion without a supporting brief on January 20, 2010. Judge Carlson subsequently directed that Mr. Bailey file a supporting brief by February 3, 2010, as required by Middle District Local Rule 7.5. (Doc. No. 95.) On the day his brief in support was due, Mr. Bailey sought an extension of this deadline. (Doc. No. 96.) After an extensive review of the motion and record in this matter, Judge Carlson denied this request. (Doc. No. 97.) Since the matter has been back before this Court, Mr. Bailey has neither requested the Court review Judge Carlson's denial of an extension nor sought leave to file a further brief arguing in support of this Court's recusal. Accordingly, the Court will rule on the motion as filed.

first apparent piece of evidence relates to events occurring several years ago during an unrelated lawsuit ("Brown Lawsuit"), in which Mr. Bailey represented the plaintiff and the undersigned was named as a defendant. (Id. ¶¶ 2-8.) Mr. Bailey explains that after deposing the undersigned, he "concluded that Judge Kane was not responsible" and moved to dismiss the claims against her. (Id. ¶ 6.) Almost a decade later, on June 26, 2009, the undersigned spoke at a continuing legal education course regarding trial practice and advocacy in the Middle District of Pennsylvania. (Id. ¶ 9.) Mr. Bailey alleges that the undersigned improperly referred to him in some comments made to the audience during the course. (Id.) Mr. Bailey apparently did not attend the course in question, as he supports this allegation with an attached document purporting to be a statement authored and signed by attorney Karen R. Grigsby. (Doc. No. 93-2, Ex. A.) According to Ms. Grigsby's account of the course, the undersigned, in the midst of a discussion about the benefits of cases moving faster in federal court, referred to the Brown Lawsuit:

> [Judge Kane] began by stating to the audience that she was sued in district court several years ago and that the case was removed to the Delaware District Court. She further stated, 'Don Bailey filed all these motions. And I had nothing to do with getting the women fired.'

(Id.) Ms. Grigsby further noted that she believed the remarks were made with sarcasm and that the audience laughed at the comments. (Id.) Mr. Bailey argues that these comments were made "to denigrate and attack Don Bailey as a lawyer in front of his colleagues, casting him in a false light." (Doc. No. 93 ¶ 9.)

Beyond the allegations related to the above comments, Mr. Bailey also relies on assertions made in another document attached to his motion. Though the document purports to be an affidavit from Andrew Ostrowski, it is unsigned and contains numerous blank spaces.

3

(Doc. No. 93-2, Ex. B.) Mr. Ostrowski asserts in this document that, on an undisclosed date in 2009, he and Mr. Bailey had a scheduled telephone conference on an unrelated case before this Court. Mr. Ostrowski states in the document that "[w]hen Judge Kane entered the telephone conference, the first thin [sic] she said, in what can only be described a [sic] sing-songy and childish manner 'hello Mr. Bailey, how are you today.'" (Id.) Mr. Ostrowski goes on to comment that the undersigned "sounded like a schoolgirl" when greeting Mr. Bailey. (Id.)

Title 28 U.S.C. § 455(a)[3] requires that a judge must recuse "in any proceeding in which his impartiality might reasonably be questioned." The litigant seeking recusal does not need to show actual bias under this standard. Selkridge v. United of Omaha Life Ins. Co., 360 F.3d 155, 167 (3d Cir. 2004). Rather, "if a reasonable man, were he to know all the circumstances, would harbor doubts about the judge's impartiality under the applicable standard, then the judge must recuse." Id. On this issue, the Supreme Court has held:

> First, judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. In and of themselves (i.e., apart from surrounding comments or accompanying opinion), they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required (as discussed below) when no extrajudicial source is involved. Almost invariably, they are proper grounds for appeal, not for recusal. Second, opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible.

---

[3] While the discussion will focus on Section 455, another statute governing recusal is 28 U.S.C. § 144, which provides that "[w]henever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein . . . ." While not specific about which recusal provision is at issue, the present motion is deficient under either standard. The Court agrees with Judge Carlson's determination that the motion's procedural flaws would preclude relief to the extent Mr. Bailey seeks recusal under 28 U.S.C. § 144. (See Doc. No. 105 at 25-26.)

> Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge. They *may* do so if they reveal an opinion that derives from an extrajudicial source; and they will do so if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible.

Liteky v. United States, 510 U.S. 540, 555 (1994). Of course, a party's displeasure with legal rulings does not form an adequate basis for recusal. Securacomm Consulting, Inc. v. Securacom Inc., 224 F.3d 273, 279 (3d Cir. 2000).

The Court does not find that a reasonable person, knowing all the circumstances that could be gleaned from reviewing the unsworn, incomplete, and careless submissions of counsel, would reasonably harbor doubts about the undersigned's impartiality. Though the undersigned does not recall making the purported references at the seminar in question, none of the alleged, offhanded comments display any hostility or prejudice towards Mr. Bailey.

The remainder of the fanciful assertions in support of recusal, criticizing the tone and quality of the undersigned's voice and then comparing it to that of a "schoolgirl," are utterly irrelevant. Indeed, a reasonable person could easily conclude that these assertions border on being an offensive gender-based attack designed to provoke the Court's recusal. Of course, such a strategy cannot be indulged. See, e.g., In re United States, 158 F.3d 26, 35 (1st Cir. 1998) ("[A] judge must avoid yielding in the face of unfounded insinuations. A party cannot cast sinister aspersions, fail to provide a factual basis for those aspersions, and then claim that the judge must disqualify herself because the aspersions, *ex proprio vigore*, create a cloud on her impartiality."). The Court therefore finds no basis for recusal. Considering its timing and tenor, the Court has no difficulty finding that the motion was not advanced for a proper purpose, but

5

rather to avoid expected adverse rulings in this matter. See Alexander v. Primerica Holdings, Inc., 10 F.3d 155, 162 (3d Cir. 1993). Accordingly, the motion will be denied.

## II. REVIEW OF MAGISTRATE RULING

Judge Carlson rescinded his report and recommendation after determining that the Magistrate Act, 28 U.S.C. § 636(b)(1)(A), authorized him to rule on these motions directly as nondispositive matters. (Doc. No. 105 at 1 n.1.) Despite this, Mr. Bailey titles his opposition to Judge Carlson's order as "Objections to the Magistrates Report and Recommendation." (Doc. No. 111.) While the Court can assume that Mr. Bailey disagrees that these motions present nondispositive matters, he does not appear to address the issue in his briefing. Considering the issues presented and authority cited in Judge Carlson's ruling, the Court agrees with his determination that the motions involved nondispositive issues and that a report and recommendation was not required.[4]

When a party objects to a magistrate order resolving nondispositive matters, the Court must "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72. "A magistrate judge's finding is clearly erroneous when, although there may be some evidence to support it, the reviewing court, after considering the entirety of the evidence, is "left with the definite and firm conviction that a mistake has been committed." Kounelis v. Sherrer, 529 F. Supp. 2d 503, 518 (D.N.J. 2008). A ruling is contrary to law when the magistrate judge "has misinterpreted or misapplied applicable law." Id.

### A. Recusal

---

[4] In any event, the Court would not reach a different outcome from Judge Carlson if were it to treat these matters as dispositive under 28 U.S.C. § 636(b)(1)(B) and to conduct a *de novo* review.

In his memorandum opinion, Judge Carlson extensively reviewed Mr. Bailey's motion for recusal and concluded "the grounds for recusal posited by Mr. Bailey are untimely, expedient, procedurally flawed, and illegitimate." (Doc. No. 105 at 31.) With regard to Mr. Bailey's objections to this determination, the Court must agree with Defendants Plank and Taughinbaugh that they "deserve little response." (Doc. No. 115 at 2.) Mr. Bailey almost exclusively devotes his 23-page brief to challenging and re-characterizing the background information set out by Judge Carlson in his memorandum and by this Court in its initial order finding a violation of Rule 11(b). It suffices to say that Mr. Bailey's challenges are dubious, containing several sweeping assertions and contentions with no accompanying factual support. Most of Mr. Bailey's contentions mirror the style and substance of the allegations in his recusal motion, which Judge Carlson aptly dismissed as "legally and factually bankrupt." (Doc. No. 115 at 27.) Additionally, Mr. Bailey fails to articulate how any of his contentions undermine Judge Carlson's ruling on the motion for recusal. Indeed, Mr. Bailey does not even bother to put forward any legal standard of review or cite to any relevant authority on the issue of recusal. Accordingly, Mr. Bailey's objections will be overruled.

**B. Sanctions**

In his order, Judge Carlson found that "$10,000 represents an appropriate fee to be imposed as a sanction in this case, based upon both the lodestar analysis, and in consideration of the equitable factors that the Third Circuit has identified as relevant to calculating attorney's fees imposed as a sanction against a lawyer found in violation of Rule 11." (Doc. No. 105 at 52.) Mr. Bailey has not addressed Judge Carlson's analysis in his objections. Mr. Bailey's only apparent reference to Judge Carlson's reasonable fee determination comes at the conclusion of his brief:

"Mr. Bailey does not have the money to pay the $10,000 sanction for the filing of a mere motion and brief." (Doc. No. 111 at 23.) As Judge Carlson explained in his opinion, a sanctioned attorney's ability to pay is a "particularly important consideration in determining an appropriate fee." (Doc. No. 105 at 36.) This is because "courts must be careful not to impose monetary sanctions so great that they are punitive—or that might even drive the sanctioned party out of practice." Doering v. Union County Bd. of Chosen Freeholders, 857 F.2d 191, 195-96 (3d Cir. 1988). Despite this, Mr. Bailey failed to raise any such defense with Judge Carlson:

> [D]espite being given numerous opportunities to do so, Mr. Bailey has never advised the Court that he is without the means of paying the legal fees claimed by defendants' counsel, or that satisfying the sanction imposed will be particularly deleterious to his practice. Indeed, Mr. Bailey has completely refused to address this matter at all, despite repeated invitations from the Court to do so.

(Doc. No. 105 at 50.) Given no basis to find otherwise, Judge Carlson concluded that the $10,000 sanction was within Mr. Bailey's ability to pay and was not excessive or punitive under the circumstances. (Id.) In his objections to Judge Carlson's ruling, Mr. Bailey has still not provided any basis to find that this sanction would be punitive in light of his ability to pay. Mr. Bailey's lone, conclusory remark on this issue at the end of his brief, much like the other assertions discussed above, is completely undeveloped. It is unaccompanied by any factual support. Having failed to raise this issue at all in proceedings before Judge Carlson, and now having failed to raise it meaningfully in his objections to Judge Carlson's ruling, the Court finds no basis to reduce the $10,000 sanction on the ground of an inability to pay. Further, Mr. Bailey has not raised any other objections with regard to Judge Carlson's fee calculation. Accordingly, Mr. Bailey's objections are overruled.

### III. CONCLUSION

Based on the foregoing, the Court will reject the motion for recusal and affirm Judge Carlson's memorandum and order awarding $10,000 in attorneys' fees against attorney Don Bailey. An order consistent with this memorandum will follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID R. LEASE, | : | |
| Plaintiff | : | Civil Action No. 1:07-CV-0003 |
| v. | : | (Chief Judge Kane) |
| DOUGLAS FISHEL et al., | : | |
| Defendants | : | |

# ORDER

**AND NOW**, this 22nd day of October 2010, having reviewed the pending motions for attorneys' fees by Defendants George Taughinbaugh and Ronald Plank (Doc. No. 64), and for recusal by attorney Don Bailey (Doc. No. 93), Magistrate Judge Martin C. Carlson's memorandum and order addressing these issues (Doc. Nos. 105-06), and attorney Don Bailey's objections thereto (Doc. No. 111), and for the reasons set forth in the Court's memorandum opinion filed herewith, **IT IS HEREBY ORDERED THAT**:

1. The motion for recusal of the undersigned is **DENIED**. Judge Carlson's order denying the motion to recuse himself is **AFFIRMED**.

2. Judge Carlson's order granting Defendants' motion for attorneys' fees and ordering attorney Don Bailey to pay $10,000 as a sanction for his violation of Rule 11(b) is **AFFIRMED**.

                                                    S/ Yvette Kane
                                                    Yvette Kane, Chief Judge
                                                    United States District Court
                                                    Middle District of Pennsylvania